IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JAMES A. JONES,

Plaintiff,

v.

JACKSON COUNTY, MELISSA WINDSOR, DANIEL S. DIEHN, EMILY HYNEK, JODY HODGE, NICHOLAS GRAY, RAYMOND MARCIULIONIS, BRYANT PLANK, MICHELLE MESSICK, DUANE E. WALDERA, ADAM OLSON, NICHOLAS GRAY, EVAN MAZUR, KYLE PETERS, KAYLAN RICH, BRITTANY CSAVOJ, NIKKI SACKMASTER, PATTI JACOBSON, DOUGLAS OATES, DANIEL S. DIEHN, EMILY HYNEK, MELISSA WINDSOR, GATEWAY COUNSELING SERVICES, LLC, MESSICK, MELISSA BARCLAY, JODY HODGE, CLARK COUNTY, TODD TESSMAN, SCOTT HAINES, JOHN DOES, and JANE DOES,

Defendants.

ORDER

26-cv-195-jdp

This order provides plaintiff additional guidance on how to properly submit his claims for this court's review, and it deals with a pending motion.

The court beings with pleading. Plaintiff's original complaint, Dkt. 1, was excessively long and disorganized, and it asserted numerous claims against multiple defendants based on separate events. So, the court ordered plaintiff to file an amended complaint using the court's prisoner complaint form, and it allowed him to submit a maximum of five supplemental pages. Dkt. 6. As relevant here, any text or handwriting on the form or any supplemental page could not be excessively small. *Id.* at 2.

Plaintiff's amended complaint, Dkt. 9, does not comply with the court's order. Plaintiff filed the amended complaint using the form, but he submitted six supplemental pages. Plaintiff

also used excessively small handwriting and typewritten text, and excessively narrow side margins, to squeeze excess information into the amended complaint. And plaintiff expanded the scope of the amended complaint by incorporating information from several exhibits accompanying the amended complaint. Similar to the original complaint, the amended complaint is excessively long and disorganized, full of immaterial and redundant allegations, and comprised of numerous claims against multiple defendants based on separate events. Even after amendment, attempting to set forth the allegations supporting any potential claims would unduly strain the court's resources and possibly divert it from its role as a neutral decisionmaker.

Accordingly, the court will order plaintiff to file a second amended complaint on the same form, and it will impose stricter and more specific requirements for amendment. This time, given plaintiff's failure to properly submit his claims despite the court's prior order, he may submit no more than three (3) supplemental pages if he needs more space to allege his claims. Any text or handwriting on the form or a supplemental page must not be excessively small and must contain adequate spacing between the lines and in the margins. For reference, plaintiff's amended complaint did not meet the court's text size and spacing requirements. If plaintiff decides to handwrite the second amended complaint, his handwriting should be reasonably neat. The second amended complaint must not contain footnotes. Plaintiff may submit exhibits with the second amended complaint, but he may not incorporate by reference any content from those exhibits, or from any other documents already in the record. Plaintiff may not be able to bring all of his various claims in a single lawsuit; it will be up to him to sort out which claims belong together and which he may want to pursue.

In drafting the second amended complaint, plaintiff should be mindful that, to state a claim for relief, a pleading must contain "a short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiff's allegations must be "simple, concise, and direct." Fed. R. Civ. P. 8(d). Plaintiff should state his allegations in numbered paragraphs, "each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Plaintiff should identify the claims he wishes to allege in the amended complaint but omit any legal arguments. Plaintiff's amended complaint mostly disregarded these instructions as well.

Plaintiff should carefully consider whether he is naming proper defendants, which means that he should omit defendants who did not personally participate in, or otherwise cause, a violation of his rights. Plaintiff must explain what each defendant did, or failed to do, that violated his rights. Importantly, if there are multiple defendants, plaintiff should avoid referring to them collectively. As previously explained to plaintiff, if more than one defendant has taken a particular action that he believes supports a claim, he should identify each defendant who took that action. Plaintiff also should identify by full name or title in the case caption of his amended complaint each individual whom he wishes to sue. If plaintiff does not know the name of an individual who allegedly violated his rights, he may name that individual as a Doe defendant in the second amended complaint's caption and body. To the extent feasible, plaintiff should give each Doe defendant as specific a name as possible, such as "John Doe Day Shift Correctional Officer," or "Jane Doe Night Shift Nurse."

The court turns to the pending "motion for mail tracking." Dkt. 10. Plaintiff says that there was a delay in his receipt of the court's order to amend, and that he has experienced similar delays in other litigation. Plaintiff asks the court to require his prison to use a "digitally verifiable system . . . to safeguard" his court mail from further processing delays. *Id.* at 1. Even

if the court this specific authority, which is doubtful, plaintiff hasn't shown that the alleged delay in receiving the order to amend has stopped him from meeting his litigation obligations in this case. Accordingly, the court will deny the motion for mail tracking.

## ORDER

IT IS ORDERED that:

1. Plaintiff James A. Jones has until October 13, 2026, to file a second amended complaint in accordance with the instructions provided in this order.

2. The second amended complaint will act as a complete substitute for the earlier pleadings. This case will proceed on only the allegations made and claims presented in the second amended complaint, and against only the defendants specifically named in the second amended complaint's caption.

3. If plaintiff fails to comply with this order, the court may dismiss the case.

4. The clerk of court is directed to send plaintiff a copy of the prisoner complaint package.

5. Plaintiff's motion for mail tracking, Dkt. 10, is DENIED.

Entered September 14, 2026.

BY THE COURT:

/s/

ANITA MARIE BOOR
Magistrate Judge